IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
CALDWELL-BAKER COMPANY,          )
                                 )
              Plaintiff,         )
                                 )
     v.                          )   Case No. 13-2391-RDR
                                 )
NEBKOTA RAILWAY, INC., et al.,   )
                                 )
              Defendants.        )
```

**MEMORANDUM AND ORDER**

This action arises from the lease of certain rail cars by the defendants from the plaintiff. The case was originally filed in state court in the District Court of Johnson County, Kansas. The case was removed to this court by the defendants, alleging diversity of citizenship jurisdiction. Plaintiff then filed a motion to remand. This motion is presently before the court and the court is now prepared to rule.

I.

In the motion to remand, plaintiff contends that removal was improper due to the presence of a forum selection clause contained in the lease agreement. Based upon that clause, plaintiff asserts that venue is not proper in federal courts but only in the Kansas state courts. The forum selection clause reads as follows:

> (i) Applicable Law. The terms of this Lease and all rights and obligations hereunder shall be governed by the laws and venue of the State of Kansas without regard to Kansas' choice of laws doctrine. There are words and phrases herein that are railroad terminology defined by the Car and Locomotive Cyclopedia (1997) dictionary published by Simmons-Boardman.

Specifically, plaintiff suggests that the use of the language "be governed by" means that the parties intended for venue to be proper only in state court since Kansas law must govern the issue of venue.

The defendants have countered that the forum selection clause does not preclude removal to a federal district court in the state of Kansas. They contend that the phrase "venue of the State of Kansas" includes federal venues within the state of Kansas. They further argue, in the alternative, that the clause is "not grammatically or logistically sound, and, therefore, is ambiguous." Thus, because the forum selection clause was drafted by plaintiff, they contend that the clause should be construed against the plaintiff and interpreted to allow venue in Kansas federal courts.

II.

A federal court exercising diversity jurisdiction determines the application of a forum selection clause under federal law. Black & Veatch Constr., Inc. v. ABB Power Generation, Inc., 123 F.Supp.2d 569, 577 (D.Kan.2000). Forum selection clauses are prima facie valid and courts should enforce them unless a party can show that enforcement would be unreasonable or unjust. Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). An enforceable forum selection clause must "clearly confine litigation to specific tribunals at the exclusion of all others." SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 582 (10th Cir. 1997). In addition, "[a] waiver of one's statutory right to remove a case from a state to a

2

federal court must be clear and unequivocal." Milk 'N' More v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992). Any ambiguity should be construed against the drafting party. Id.

A review of Kansas cases that have considered forum selection clauses similar to the one in this case are instructive. In Johnson v. N. States Power Co., 2000 WL 1683658 at *3 (D.Kan. Nov. 2, 2000), Judge Van Bebber considered a forum selection clause and determined that "appropriate courts of the State of Minnesota" included both state and federal courts. In reaching this conclusion, he relied upon the Tenth Circuit's decision in Milk 'N' More, which held that a waiver of a right to remove to federal court must be "clear and unequivocal." 2000 WL 1683658 at *3 (citing to Milk 'N' Money, 963 F.2d at 1346). He determined that because the phrase "appropriate courts of the State of Minnesota" did not "clearly and unequivocally" exclude federal courts, it did not preclude suit in the federal courts. Id.

In Paragon Ventures, LLC v. Mobile Med Care, Inc., 2005 WL 1398656 at *2 (D.Kan. June 14, 2005), Judge Vratil considered a forum selection clause providing that the "courts of the State of Kansas shall have exclusive jurisdiction and venue." Judge Vratil agreed with Judge Van Bebber's reasoning and held that the phrase "courts of the State of Kansas" did not "clearly and unequivocally" waive either party's right to proceed in federal court. 2005 WL 1398656 at *2. Thus, she held that venue was proper in the federal courts

3

of Kansas. Id.

The court believes that the reasoning of Johnson and Paragon Ventures commands a similar result here. The language of the forum selection clause does not "clearly and unequivocally" exclude federal courts. The language in Johnson and Paragon Ventures permitted lawsuits to be brought in federal venues. Similarly, the language here, "venue of the state of Kansas" includes federal venues within the state of Kansas.

The court is not persuaded that the "governed by" language contained the forum selection clause requires a different result as suggested by plaintiff. At best, the language of the clause is ambiguous and fails to clearly indicate that federal venues within Kansas are excluded. Any ambiguity should be resolved against the plaintiff because plaintiff drafted the lease. In sum, the court finds that plaintiff's motion to remand must be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Doc. # 6) be hereby denied.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge